Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4615 | **DATE** | 7/27/04 |
| **CASE TITLE** | Love vs. Illinois Bell | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies defendant's motion for summary judgment (#20). The case is set for status hearing on 8/3/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 0 9 date docketed | |
| ✓ | Docketing to mail notices. | | | 32 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| OR | courtroom deputy's initials | 2004 AUG -8 AM 9:21 | AUG 0 9 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ALLISAH M. LOVE, )
)
      Plaintiff, )
)
vs. ) Case No. 03 C 4615
)
ILLINOIS BELL and )
INTERNATIONAL BROTHERHOOD OF )
ELECTRICAL WORKERS, LOCAL 21, )
)
      Defendants. )

AUG 0 9 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Allisah Love was laid off by her former employer SBC, formerly known as Illinois Bell. She has sued SBC for breach of the collective bargaining agreement governing her employment with the company and has also sued her former labor union, the International Brotherhood of Electrical Workers, Local 21 (IBEW), for breach of its duty of fair representation for not pursuing her grievance against the company based on her lay-off. SBC has moved for summary judgment. The Court denies this motion.

### Background

Love was employed by SBC as a maintenance administrator from August 2001 until December 2002. In October 2001, SBC sent an e-mail to its managers stating that it was reducing the number of employees in both management and non-management positions. The following month, Love's manager notified Love that her job location, the GBC West Center, was reducing its number of maintenance administrators by two, and that because Love was one of the two administrators with the least amount of job seniority she would be moved to the company's

225 West Randolph location. That same month, Donna Warren was demoted to a maintenance administrator position at the 225 West Randolph location. In January 2002, Carolyn Dodd was promoted to a maintenance administrator position at the same location. Additionally, in March 2002, Marilyn Ray was transferred to that same position at the same location.

In September 2002, SBC notified IBEW that the company needed to lay off 750 union employees. Love was notified in November 2002 that she would be laid off effective December 27, 2002. She later filed a grievance with IBEW against SBC based on the fact that it had transferred in three new employees to her location and position after it had began contemplating lay-offs, which she claims violated the CBA. IBEW did not pursue Love's grievance against SBC. Love then filed this suit under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, joining the Union as a defendant claiming that its failure to pursue her grievance constituted a breach of its duty of fair representation.

## Analysis

To prevail under § 301, Love must have a meritorious claim against both IBEW and SBC. *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). Her claim against SBC is that the company violated § 30.41 of the CBA. Section 30.41 is part of a section of the CBA entitled "Layoffs- Appendix B, Exhibits 1, 2, and 3." Section 30.37 provides that SBC "shall advise the Union in writing of contemplated work force reductions," after which SBC and the Union are to negotiate a work force reduction plan. If they cannot reach agreement, reductions are to be made as provided "below." The next section, 30.38, says that within two weeks of the completion of discussions, the least senior employees are to be advised of conditions requiring layoffs and their potential effect. Section 30.39 provides that layoffs resulting from technological

2

change cannot occur until specified conditions are met. Section 30.40 describes the manner in which "[t]ermination and layoffs because of lack of work and rehiring of laid off employees" are to be handled. Section 30.41, on which Love's claim is based, states: "In the event of such contemplated layoffs, employees shall not be transferred from one Exhibit and job title group to another if such transfer will cause the layoff of employees with less seniority in the group to which the employee is being transferred." SBC contends that § 30.41's reference to "such layoffs" relates back to § 30.37, and thus that § 30.41 was triggered only after it alerted IBEW in writing of contemplated layoffs. It argues Love's claim therefore fails as a matter of law because the relevant transfers took place before the company alerted IBEW of its downsizing plans.

Summary judgment is appropriate in a situation like this only if the pertinent provisions of the contract document are unambiguous. *Ryan v. Chromalloy American Corp.*, 877 F.2d 598, 602 (7th Cir. 1989). If the contract is ambiguous, then questions of interpretation must be resolved by the trier of fact. *Jos. Schlitz Brewing Co. v. Milwaukee Brewery Workers' Pension Plan*, 3 F.3d 994, 999 (7th Cir. 1993). The CBA is ambiguous if it is susceptible to more than one reasonable interpretation. *Brewer v. Protexall, Inc.*, 50 F.3d 453, 458 (7th Cir. 1995).

SBC's proposed interpretation is anything but obvious, and the Court cannot say that § 30.41's reference to "such contemplated layoffs" is unambiguous, at least not in the way SBC argues. Section 30.41 itself provides no indication of whether it refers to any layoffs that SBC contemplates, or rather only to layoffs of which SBC has already informed the Union in writing. SBC's interpretation would seem to permit the company to transfer employees with impunity in preparation for a layoff it actually contemplated, so long as it had not yet told the Union of what it was planning. Such an interpretation would seem to defeat the purpose of § 30.41. It would

3

seem more logical and reasonable to construe § 30.37 and § 30.41 together to require SBC, when it contemplates (i.e. seriously considers or plans) work force reductions, to both advise the Union and avoid transferring higher-seniority workers into the work units to be affected. Though it is possible that SBC and the Union bargained for such an arrangement, SBC has not provided the Court with any extrinsic evidence to support its reading of § 30.41. *See, LaSalle Nat'l Bank v. General Mills Restaurant Group*, 854 F.2d 1050, 1052 (7th Cir. 1988) (extrinsic evidence admissible when contract is ambiguous). Because the contract term does not unambiguously call for the construction advocated by SBC, summary judgment in SBC's favor on this point is improper.

To establish that IBEW breached its duty of fair representation in failing to pursue her grievance against SBC, Love must demonstrate that her grievance against SBC was meritorious and that the Union's conduct in failing to pursue it was "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). SBC argues that summary judgment in its favor is appropriate because Love has failed to offer evidence from which a jury reasonably could find that the Union's conduct in not pursuing her grievance against SBC was arbitrary, discriminatory, or in bad faith. Love's *pro se* response to SBC's motion did not address the issue of bad faith, but presumably this was because SBC failed to address that issue in its Local Rule 56.1 statement. Nor did SBC adequately address that issue in its summary judgement motion. Under the circumstances, SBC has not adequately met its initial burden of pointing out why there is no genuine issue of fact, and thus it is not entitled to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court notes that Love has alleged that the Union failed to pursue her grievance in retaliation for a prior complaint she made against the Union. Complaint

4

¶ 24. If proven, this likely would be sufficient to establish bad faith.

## Conclusion

For the reasons stated above, the Court denies defendant's motion for summary judgment [Docket # 20]. The case is set for a status hearing on August 3, 2004 at 9:30 a.m.

MATTHEW F. KENNELLY
United States District Judge

Date: July 27, 2004